# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

ELAINE HALLMARK KIZER,        )
     Plaintiff,            )
                              )
vs.                           )          CIVIL ACTION 16-00487-KD-C
                              )
BANK OF NEW YORK MELLON    )
TRUST CO.,                  )
     Defendant.           )

## ORDER

This matter is before the Court on Defendant Bank of New York Mellon Trust Company's "Motion to Confirm Arbitration Award" (Doc. 11) and Supplement (Doc. 13) to the Court's Order (Doc. 12). While Plaintiff was provided with the opportunity to file an objection to Defendant's motion and supplement by May 4, 2017, no objection was filed.

Specifically, on April 20, 2017, the Court ordered as follows:

> As for the substantive relief Defendant seeks – for the undersigned to confirm the arbitrator's award and "have it entered as a final judgment of the Court." There is insufficient information before the Court to do so. [ ] The April 18, 2017 Arbitrator's Decision states merely that Defendant's motion for summary judgment is granted with "a final finding…entered in favor of" of Defendant, and that the $1,360 arbitrator's fee is assessed to Defendant. (Doc. 11-1 at 2). There is nothing more before the Court (e.g., no awards/amounts specified). In its singular sentence motion, Defendant cites PTA-FLA, Inc. v. ZTE USA, Inc., 844 F.3d 1299, 1305-1306 (11th Cir. 2016) (in which a defendant sought to confirm a zero dollar award). As such, Defendant is **ORDERED** to file a Supplement to its motion, on or before **April 27, 2017**, clarifying the relief it seeks and authority for that relief. Specifically, if they are seeking to confirm an entry of summary judgment (as opposed to a specific award amount), the court requests briefing on the authority to enter such a confirmation.
>
> It is **ORDERED** that any objection by Plaintiff to the Defendant's motion (Doc. 11) and forthcoming Supplement shall be filed on or before **May 4, 2017.**

(Doc. 12 (footnoted omitted)).

In response, Defendant filed a Supplement (Doc. 13), with which it has provided copies

of the summary judgment motion, response and reply, which was ruled upon via arbitration. In so doing, Defendant notes that "the Arbitrator issued his award (Arbitrator's Decision)"[]. (Doc. 13 at 2). Defendant does not indicate there is any arbitrator's award *per se* (i.e., monetary sum). Defendant suggests that as an alternative to confirming the arbitration award, if needed, "the Court should simply dismiss this case, without prejudice." (Doc. 13 at 3-4). Plaintiff has filed no objection to either of Defendant's requests (to confirm or dismiss).

"'[A]rbitration awards are not self-enforcing, [but]…must be given force and effect by being converted to judicial orders' on an appropriate motion to confirm...." Mulhall v. UNITE HERE Local 355, 618 F.3d 1279, 1293 (11th Cir. 2010). At the outset, Defendant has still not shown that there is "an award" for this Court to confirm, and the undersigned can discern none. Rather, there is simply a decision from the Arbitrator – a summary judgment ruling – that Defendant seeks to have "confirmed" as the "final judgment" of this Court. (Doc. 13 at 4). The Arbitrator's ruling with regard to Defendant's summary judgment consists, in total, of the following: "After reviewing all of the[] pleadings, I find that the Motion for Summary Judgment…is due to be granted and a final finding is hereby entered in favor of the Respondent [Defendant] on this date. The arbitrator's fee…is assessed to the Respondent [Defendant] in the amount of $1,360.00." (Doc. 13-1 at 106). The Defendant has failed to cite any legal authority to enter a confirmation to a summary judgment, and this court declines to do so.

The Court finds that the better course is to address the alternative requested by Defendant – to dismiss Plaintiff's case without prejudice. Rule 41 governs dismissals and any dismissal based on Defendant's alternative request must be accomplished pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, "on terms the Court considers proper," via Court order. With regard to the Court's discretion and as enunciated in Fountain v. Forniss, 2013 WL 360261, *3

(N.D. Ala. Jan. 25, 2013):

> The decision to grant or deny a Rule 41(a)(2) motion to dismiss an action without prejudice is entrusted to the sound discretion of the district court….in exercising its discretion, the court must 'keep in mind the interests of the defendant, for Rule 41(a)(2) exists chiefly for protection of defendants.'…..

Additionally, the Eleventh Circuit specified in Pontenberg v. Boston Scientific Corp., 252 F.3d 1253, 1255–1256, 1259 (11th Cir. 2001) (footnotes omitted) that:

> The district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2). *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 857 (11th Cir. 1986). "[I]n most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other then the mere prospect of a subsequent lawsuit, as a result." *Id*. at 856–57. "The crucial question to be determined is, Would the defendant lose any substantial right by the dismissal." *Durham v. Florida East Coast Ry. Co*., 385 F.2d 366, 368 (5th Cir. 1967). In exercising its "broad equitable discretion under Rule 41(a)(2)," the district court must "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *McCants*, 781 F.2d at 857. Accordingly, we review a district court's decision to allow a voluntary dismissal without prejudice under Rule 41(a)(2) only for an abuse of discretion. *Id*.
>
> ***
>
> ... the district court did not abuse its broad discretion in allowing Pontenberg to dismiss voluntarily her action ... without prejudice under Rule 41(a)(2). Neither the fact that the litigation has proceeded to the summary judgment stage nor the fact that the plaintiff's attorney has been negligent in prosecuting the case, alone or together, conclusively or per se establishes plain legal prejudice requiring the denial of a motion to dismiss. *See Durham v. Florida East Coast Ry. Co*., 385 F.2d 366 (5th Cir. 1967).
>
> ***
>
> Under our circuit precedent, delay alone, in the absence of bad faith, is insufficient to justify a dismissal with prejudice, even where a fully briefed summary judgment motion is pending. *See Durham*, 385 F.2d at 368; *McCants*, 781 F.2d at 858.

And while the Eleventh Circuit "has not explicitly adopted factors that a trial court should evaluate" when assessing a Rule 41(a)(2) motion to dismiss with or without prejudice, "substantial discretion is vested in the district court to determine and implement a just resolution." *BMC–The Benchmark Mgmt. Co. v. Ceebraid–Signal Corp*., 2007 WL 2126272, *5 (N.D. Ga. July 23, 2007) (citations omitted)…. when courts have denied a….Rule 41(a)(2) motion to dismiss without prejudice, the following factors were important considerations: the length of time and amount of resources spent by the defendant, dilatory tactics on the part of the plaintiff and the presence of a pending summary judgment motion. *Id*.

After consideration of the relevant factors, the Court finds that dismissal of this action

without prejudice is appropriate, particularly given the absence of any objection by Plaintiff. Accordingly, it is **ORDERED** that Docs. 11,13 are **GRANTED in part** and **DENIED in part** as follows: Defendant's motion to confirm arbitration is **DENIED** and Defendant's request for dismissal of Plaintiff's action without prejudice is **GRANTED.** As such, it is **ORDERED** that this action is hereby **DISMISSED without prejudice.**

**DONE** and **ORDERED** this the **8**[th] day of **May 2017**.

/s/ Kristi K DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**